IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No. 1:17-CR-00009 (TSE) |
| : | |
| ALEXANDER K. TVERDOKHLEBOV, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S APPEAL OF
DECISION GRANTING PRETRIAL RELEASE**

COMES NOW the defendant, ALEXANDER K. TVERDOKHLEBOV (hereinafter, the defendant), by counsel, and respectfully requests that this Court affirm the order previously entered herein granting the defendant pretrial release in this matter, and for it he states as follows:

The defendant was indicted on January 19, 2017 on four (4) counts of wire fraud in violation of 18 U.S.C. §1343, and was arrested on February 1, 2017 in the Central District of California pursuant thereto. The defendant was arrested in Los Angeles, California, where he lives, works and maintains a residence.

The defendant appeared before Magistrate Judge Patrick J. Walsh, who ordered the defendant to be admitted to pretrial release, on conditions. *See*, the Central District of California Release Order and Bond Form with the Calendar/Proceeding Sheet pertinent thereto, which is attached hereto as Exhibit A. However, Judge Walsh stayed his order until February 7, 2017 to give the government leave, if it so desired, to file an appeal in the Eastern District of Virginia seeking a reversal of the order granting pretrial release. The government appealed, extending Judge Walsh's stay until this Court enters its ruling

subsequent to the February 10, 2017 bond appeal hearing. The defendant has waived his appearance at the bond appeal hearing.

Judge Walsh's order, which had been under seal, and was only provided to counsel after 6:00 p.m. on February 8, 2017, requires the defendant, among other standard and special conditions, to:

1. post bond in the amount of $100,000, secured by a deed to real property;
2. be subject to electronic monitoring;
3. surrender his travel documents;
4. not use any computer or the internet;
5. stay away from his co-defendants;
6. restrict his travel to the Central District of California and the Eastern District of Virginia;
7. maintain or actively seek employment;
8. submit to drug testing; and
9. remain in home confinement from midnight to 5:00 a.m.

As far as counsel for the defendant knows, the defendant has no prior criminal record and has substantial ties to his home district in Los Angeles, including residence, employment and friends.

The terms already established in Judge Walsh's order are so onerous that it may well be that the defendant may not be able to qualify for release, particularly since he owns no real property to secure his bond, and since the government has seized the defendant's assets. Thus, if the order is upheld, the defendant may, at some point, come

to the Court seeking release with amended conditions, or substitute conditions, since as a practical matter it appears that the defendant could not be released pursuant to Judge Walsh's order.

The applicable legal standard set forth in the Bail Reform Act, 18 U.S.C. § 3142, favors release. *See. United States v. Sabhnani*, 493 F.3d 63, 78 (2nd Cir. 2007).  The government's appeal, captioned as a motion to revoke Judge Walsh's order, glosses over this basic concept underlying the entire body of bail jurisprudence.  The presumption in this case (since § 3142(e)'s presumption against release is not applicable in this matter) is that the defendant *should* be released.  The Court is tasked with crafting a combination of conditions that will protect the public and ensure that the defendant will appear as required by the Court, unless, and only unless, there is absolutely no combination of conditions that can possibly protect the public and ensure the defendant's future attendance in this matter.  Judge Walsh has done exactly that, and more.

In its motion, the government asserts that the defendant has engaged in criminal behavior from 2008 through "the present."  Document 12, p. 2.  However, the defendant is only charged, in the indictment in this case, with engaging in a scheme to defraud from May 2008 through February 2010 (Document 1, p. 1, ¶ 5), criminal behavior ending six (6) years ago.  In fact, the substantive charges brought against the defendant relate solely to allegations of criminal acts from more than eight (8) years ago, ending no later than November 11, 2008.  Document 1, p. 3, ¶ 9.  Despite the government's protestations of recency, it appears that the government only has evidence of the defendant's alleged criminal behavior from at least six (6) to eight (8) years ago.  In the lifespan of computer schemes and criminal associations, that is more than a lifetime ago.

3

The government bears the burden of proof in overcoming the presumption for release, and cannot satisfy that burden by simply pointing to the nature of the charges against the defendant. It is true that identify theft, and wire fraud through our ever increasingly complex and interrelated computer systems, are frightening and threatening. However, despite the serious nature of the charges, and the alleged criminal behavior, that alone is not sufficient to justify detaining the defendant. *United States v. Giordano*, 370 F.Supp.2d 1256, 1264 (S.D. Fla. 2005). Similarly, the "mere theoretical opportunity for flight [does not provide] sufficient grounds for pretrial detention." *Id.* This is particularly true considering the conditions imposed on the defendant in Judge Walsh's order.

If the government is truly concerned about the defendant's ability to flee, since his last criminal behavior was allegedly at least six (6) years ago, the government should be reassured by Judge Walsh's order. Not only have the defendant's travel documents been seized, but he would also be subject to active electronic monitoring, which would provide Pretrial Services with real-time updates on his location. Thus, not only could Pretrial track the defendant's movements, but there would also be a disincentive to the defendant to attempt to flee. Finally, since the defendant owns no real property, and has no prospects for obtaining any real property as a result of the government's seizure of his assets, even affirming Judge Walsh's order will not, as a practical matter, allow the defendant to be released.

The government has offered nothing but speculation and conjecture to suggest that the defendant is inclined to abandon his home and his life in the United States to avoid prosecution in this matter. Since the Court "must resolve all doubts regarding the

4

propriety of release in the defendant's favor" (*United States v. Sanchez-Martinez*, No. 13-CR-236, 2013 WL 3662871, at *5 (D. Colo. July 12, 2013), the Court cannot give significant credence to such imaginings. The facts of this case support Judge Walsh's decision to grant pretrial release to the defendant, carefully monitored and under significantly burdensome conditions, and this Court should affirm Judge Walsh's order.

WHEREFORE, the defendant opposes the government's attempt to overturn the release order entered in this case in the Central District of California.

Respectfully submitted,

ALEXANDER K. TVERDOKHLEBOV

By:       /s/
WILLIAM B. CUMMINGS, ESQUIRE
VA Bar No. 6469
Counsel for ALEXANDER K. TVERDOKHLEBOV
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, Virginia 22313
(703) 836-7997
Fax (703) 836-0238
wbcpclaw@aol.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 9th day of February, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to at least the following registered ECF users:

        Kellen Dwyer, Esquire
        Kellen.dwyer@usdoj.gov
        Laura Fong, Esquire
        Laura.fong@usdoj.gov
        United States Attorney's Office for
          the Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, Virginia  22314


        _____/s/_____
        WILLIAM B. CUMMINGS, ESQUIRE
        VA Bar No. 6469
        Counsel for ALEXANDER K. TVERDOKHLEBOV
        WILLIAM B. CUMMINGS, P.C.
        Post Office Box 1177
        Alexandria, Virginia  22313
        (703) 836-7997
        Fax (703) 836-0238
        wbcpclaw@aol.com