IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:17-CR-00009 (TSE) |
| | : | |
| ALEXANDER K. TVERDOKHLEBOV, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION FOR AN ORDER TO REQUIRE
GOVERNMENT TO PROVIDE A TRANSCRIPT OF INTERVIEW**

COMES NOW the defendant, ALEXANDER K. TVERDOKHLEBOV, by and through his counsel, and respectfully moves this Court for the entry of an Order directing the government to provide the defendant with a transcript of the government's post-arrest interview of the defendant, which occurred on or about February 1, 2017, and for it he states:

On or about February 1, 2017, the defendant was arrested and interviewed by two (2) United States Secret Service agents. The interview itself was recorded, and the audio/visual files of the interview have been provided to the defendant in the form of two (2) computer files. The total length of the two (2) files is approximately four (4) hours.

Counsel for the government referred to the statements made by the defendanta during the interview in the government's pleadings and while arguing against bond at the bond appeal hearing in this Court, putting the contents of the interview recording in contest. Thereafter, counsel for the defendant requested, pursuant to Rule 16 ( a )( 1 ) ( B )( i ) of the Federal Rules of Criminal Procedure, that the government provide the defendant with a usable version of the defendant's recorded statement, to wit: a transcript

of the interview. The government has responded to counsel, refusing to provide such a transcript unless and until the government transcribes the recording at some time "closer to trial." The government asserts that it has satisfied its discovery obligation by providing the defendant with the computer disc containing the files of the recording.

In order for the government's disclosure to be effective, counsel for the defendant must be able to review the interview with the defendant in order to provide the defendant with an effective defense, and to, potentially, file a renewed motion to grant pretrial release in this matter. This is not, necessarily, a trial issue, but is definitely a pretrial release issue. Thus, it is time sensitive. The defendant has now been transported from California to this district and may decide that a renewed motion for release should be made. Counsel can only effectively advise the defendant concerning that issue if counsel and the defendant have been able to review the statements the defendant allegedly made, in their complete context.

Because the defendant is currently housed at the Alexandria Adult Detention Center there are several reasons it will be virtually impossible for defendant's counsel to review the recording files on the computer disc provided by the government with the defendant.

First is the inherent difficulty in obtaining permission to take a computer into the jail.

Second, if and when counsel is permitted to take his laptop computer into the jail, is the less obvious difficulty in actually listening to the computer files in the jail environment. Counsel has reviewed the files in his office, where he discovered that using earplugs is the most effective method for actually hearing what the defendant and the

agents are saying, since the recording quality is poor, with significant background noise as part of the recordings. At the jail it will be impossible to have two (2) sets of earplugs in use at the same time with counsel's laptop computer. This problem is exacerbated because the attorney visitation rooms at the jail are small and have cinderblock walls, resulting in horrible acoustics for listening to recordings without earplugs. Taken in conjunction with the background noise on the recording, the ambient noise in the jail environment itself will make an effective review of the recorded interview impossible.

Third, because the professional visitation sessions at the jail are limited to periods of less than three (3) hours (8:00 a.m. to approximately 10:45 a.m., or 1:00 p.m. to approximately 3:45 p.m., or 7:00 p.m. to approximately 9:45 p.m.), if one (1) of the four (4) visitation rooms is even available, it would take at least two (2) such sessions merely to watch and listen to the interview files from beginning to end. Factoring in the above-referenced difficulties in hearing the actual recording, questions from counsel and discussions between counsel and the defendant concerning the interview will require even more time and thus more fragmented sessions. This problem is also exacerbated, in this case, because the recording program used by the government to create the files makes it very difficult to navigate within each of the files. In other words, it is difficult to skip from one part of the file to another, or back to a part of the file earlier in the interview. Basically one must fast forward or fast rewind as if using a traditional tape recorder, but the speed of the fast forward and fast rewind is limited to twice normal speed. This mechanical difficulty makes reviewing the interview (even in counsel's office) more time-consuming and awkward.

The practical difficulties in reviewing the interview files with the defendant

3

mean, in effect, that the government has provided the defendant with a theoretical copy of the interview recording, without actually providing the defendant with an actual resource to use. The government has, in essence, failed to provide the defendant with a useable version of the files. The government has claimed that they have satisfied their obligation to provide discovery, but they have failed to do so if it is in a format that cannot be used by the defendant. Just as counsel is required to file pleadings electronically, in pdf format, so that the documents filed can be shared and accessed by all users of the CM/ECF system, the government must provide discovery or disclosures to defendants in a format that can be shared and accessed. In this case, and for the case-specific reasons stated above, that format must be a transcript of the recorded interview.

Although the formal discovery process in this matter has not been initiated by the entry of a discovery order, the government has by its own actions placed the contents of its interview of the defendant into controversy. The defendant has made a proper request pursuant to the Rule, and the government should be required to provide the defendant with a useable version of that interview. In this case, the only viable option that provides such a version is a transcript of the interview.

WHEREFORE, the defendant, ALEXANDER K. TVERDOKHLEBOV, requests that this Court order the government to transcribe the recordings of the government's post-arrest interview of the defendant, which occurred on or about February 1, 2017, and provide a copy of that transcript to the defendant, through his counsel, forthwith.

Respectfully submitted,

ALEXANDER K. TVERDOKHLEBOV

By: _____/s/_____
WILLIAM B. CUMMINGS, ESQUIRE
VA Bar No. 6469
Counsel for ALEXANDER K. TVERDOKHLEBOV
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, Virginia 22313
(703) 836-7997
Fax (703) 836-0238
wbcpclaw@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to at least the following registered ECF users:

Kellen Dwyer, Esquire
Kellen.dwyer@usdoj.gov
Laura Fong, Esquire
Laura.fong@usdoj.gov
United States Attorney's Office for
    the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314


_____/s/_____
WILLIAM B. CUMMINGS, ESQUIRE
VA Bar No. 6469
Counsel for ALEXANDER K. TVERDOKHLEBOV
WILLIAM B. CUMMINGS, P.C.
Post Office Box 1177
Alexandria, Virginia 22313
(703) 836-7997
Fax (703) 836-0238
wbcpclaw@aol.com